**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CORTEZ ROLAND DAVIS,

      Petitioner,           CASE NO. 01-CV-72747
                             HONORABLE DENISE PAGE HOOD
v.                        CHIEF UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

      Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

      This matter is before this Court after the United States Court of Appeals granted petitioner permission to file a second habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A) in order to challenge the mandatory nonparolable life sentence that he received as a juvenile for his conviction for first-degree felony murder.  For the reasons that follow, the Court will order that the petition be dismissed as duplicative of a habeas petition that was filed before Judge Nancy G. Edmunds.

### I.  Background

      Petitioner was convicted of first-degree murder, armed robbery, assault with intent to commit armed robbery, and possession of a firearm in

1

the commission of a felony, for an incident happening in Detroit, Michigan on December 14, 1993.  Petitioner was sixteen years old at the time of the offense, but was prosecuted and convicted as an adult. Although the trial judge initially sentenced petitioner to 10-40 years in prison, the judge was ordered by the Michigan Court of Appeals to re-sentence petitioner on the first-degree murder conviction to a nonparolable life sentence.

After petitioner exhausted his direct appeals and post-conviction review in the state courts, petitioner filed a petition for writ of habeas corpus, which was denied by this Court. *Davis v. Jackson,* No. 01-CV-72747, 2008 WL 1902102 (E.D. Mich. Apr. 30, 2008); *appeal dism.* No. 08-1717 (6th Cir. July 14, 2009).

Petitioner subsequently filed a second post-conviction motion for relief from judgment with the state courts, arguing that the mandatory nonparolable life sentence that he received for the first-degree murder conviction was cruel and unusual punishment because petitioner was a juvenile at the time of the offense and was not the actual shooter, but merely an accessory to the robberies.  Petitioner's claims was based on the Supreme Court's decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), which held that a mandatory sentence of life imprisonment without parole

2

for defendants who were under 18 years old when they committed their crimes violates the Eighth Amendment.

Petitioner's case eventually ended up in the Michigan Supreme Court. The Michigan Supreme Court, in a consolidated case, rejected petitioner's post-conviction appeal, holding that *Miller* was not retroactive to criminal cases that became final prior to the United States Supreme Court's decision in *Miller. See People v. Carp,* 496 Mich. 440, 852 N.W.2d 801 (2014)(Kelly J., with Cavanagh and McCormack, JJ., dissenting); *reh'g denied sub nom. People v. Davis,* 497 Mich. 882, 854 N.W.2d 710 (2014).

Petitioner filed a petition for writ of certiorari with the United States Supreme Court. While the petition was pending, petitioner also filed with the United States Court of Appeals for the Sixth Circuit a motion seeking authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive habeas petition.

On March 7, 2006, the United States Supreme Court granted petitioner a writ of certiorari, vacated the judgment of the Michigan Supreme Court, and remanded the matter to that court for further consideration in light of the United States Supreme Court's holding in *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016), which held that

3

*Miller* should be applied retroactively. *Davis v. Michigan*, 136 S. Ct. 1356 (2016).

On April 25, 2016, the Michigan Supreme Court vacated petitioner's sentence for first-degree murder and remanded the matter to the trial court for re-sentencing, in conformity with the U.S. Supreme Court's holdings in *Montgomery* and *Miller. See People v. Davis,* No. 146819 (Mich.S.Ct. April 25, 2016).

On May 6, 2016, the Sixth Circuit granted petitioner permission to file a second or successive habeas petition, based on the Supreme Court's holding in *Montgomery. See In Re Davis*, No. 15-2281 (6th Cir. May 6, 2016).  A copy of the Sixth Circuit's order was filed under this case number. However, the Sixth Circuit also separately sent petitioner's habeas petition, his motion for authorization, and their order granting petitioner permission to file a successive petition to the clerk's office, who opened the petition under a new case number and assigned the petition to Judge Nancy G. Edmunds.  Judge Edmunds denied the petition as moot, because the Michigan Supreme Court had already ordered that petitioner be re-sentenced in accordance with the United States Supreme Court's holding in *Miller. Davis v. Burton*, No. 2:16-CV-11671, 2016 WL 2910098 (E.D.

4

Mich. May 19, 2016).

Before this Court is the Sixth Circuit's order authorizing this Court to consider petitioner's second petition, in which he challenges the constitutionality of the mandatory nonparolable life sentence that was imposed on him for a crime committed when he was a juvenile.

## II.  Discussion

As an initial matter, the Court will construe the Sixth Circuit's order to reopen the case. See e.g. *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009).  The case was reopened to the Court's active docket for statistical purposes.

The Court will dismiss the petition because it is duplicative of petitioner's habeas action that was filed before Judge Edmunds.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted).  Petitioner's successive habeas petition is subject to dismissal as being duplicative of his habeas petition before Judge Edmunds, because both cases sought the same relief. *Id. See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, *

5

1 (6th Cir. Mar. 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *See also Nye v. Booker,* No. 2007 WL 2318750, * 1(E.D. Mich. August 9, 2007)(same).

In the present case, petitioner's current petition challenges the same nonparolable life sentence and appears to make the same legal arguments as the petition in the case that was before Judge Edmunds.  A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).  This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* No. 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002).  Accordingly, this petition for writ of habeas corpus will be dismissed.[1]

### III.  Conclusion

---

[1]   Moreover, this Court agrees with Judge Edmunds that petitioner's challenge to his sentence has been rendered moot by the Michigan Supreme Court's order remanding the matter to the trial court for petitioner to be re-sentenced.

6

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

7

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because his current petition is duplicative of his habeas petition that was denied by Judge Edmunds. *See Maske v. Murphy*, 357 Fed. Appx. 981, 982-83 (10th Cir. 2009).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED AS DUPLICATIVE** of the case of *Davis v. Burton,* 2:16-CV-11671 (E.D. Mich.), that was filed before Judge Nancy G. Edmunds.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  July 12, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager